## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff <br><br> vs. <br><br> MICHAEL B. O'DONNELL, II, <br> Defendant | ) <br> ) <br> ) <br> ) CASE NO.: 18-cr-10043-01-EFM <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT

STATE OF KANSAS, COUNTY OF SHAWNEE, SS:

I, Carol Williams, of lawful age, being first duly sworn upon oath, state and declare:

1. I, the Affiant, served as agency head of the Kansas Governmental Ethics Commission ("Commission") from 1981 to my retirement in September 2017.

2. Prior to my service as Executive Director, I served as an auditor for the Kansas Governmental Ethics Commission from 1977 to 1981.

3. My duties as Executive Director for the Commission involved in substantial part regulating the conduct of candidates for state and local political office ("candidates") under the Kansas Campaign Finance Act, including:

    a. providing guidance to candidates regarding compliance with state laws and regulations;

    b. performing and overseeing desk and field audits of candidate campaign finance reports;

    c. conducting investigations of candidate campaign finance activity;

    d. facilitating informal remedies for technical and minor campaign finance violations by candidates;

    e. recommending formal administrative action by the Commission for major campaign finance violations;

    f. referring campaign finance violation factual findings made by the Commission to appropriate enforcement agencies and officials pursuant to law, including the state

attorney general, local county and district attorneys, the Kansas Speaker of the House, and the Kansas Senate President.

4. Over the course of my tenure, I routinely encountered situations involving a candidate using campaign funds for non-campaign purposes in violation of state campaign finance law.

    a. By means of example, I recall numerous situations involving funds reported to the Commission on a candidate's campaign finance report for public policy conference travel, meals, lodging, and registration, that were otherwise reported as the expenses related to holding public office (a campaign funds use allowed under state campaign laws).

    b. However, upon further inquiry by the Commission, it was discovered that the Candidate had included his or her spouse's travel, meals, lodging, and registration as part of the reported campaign funds expenses.

5. Upon discovering a questionable expenditure made by a candidate, the matter would usually be resolved by Commission staff by asking the candidate to explain the expenditure and if necessary require the candidate to reimburse the campaign account in the event the use was not a legitimate use of campaign funds under state law.

6. Such matters would nearly always be resolved by this informal "pay it back" remedy without docketing the complaint before the Commission, seeking civil fines or administrative penalties, or referring the matter to local prosecutors or the state attorney general.

7. If necessary, Commission staff would request further explanation from the candidate regarding questionable payments made to campaign staff or other purchases made by the candidate.

8. In some situations, the Commission staff would require the candidate through this informal remedy to reimburse the campaign account if staff determined the payment was an illegitimate use under state laws.

9. The most serious violations involving personal use of campaign funds would be referred to the Commission for formal, public administrative action before the Commission, which may include a civil fine or restitution.

10. Upon a formal finding by the Commission that a campaign finance related violation occurred, regardless of whether the Commission imposed a fine or administrative penalty against the candidate, the Commission would take the following actions pursuant to law:

    a. In the case of a candidate for local office (e.g. city council, county clerk, or county commissioner), the Commission would refer the matter to the local county or district attorney pursuant to K.S.A. 25-4165;

b. In the case of a candidate for state office (e.g. statewide executive branch office, state senator, state representative), the Commission would refer the matter to the state attorney general pursuant to K.S.A. 25-4165;

c. In the case of a sitting state representative, the Commission would also refer the matter to the Speaker of the House for potential censure proceedings pursuant to K.S.A. 25-4166;

d. In the case of a sitting state senator, the Commission would also refer the matter to the President of the Senate pursuant to K.S.A. 25-4166.

11. Over the course of my forty-year tenure at the Commission, I do not recall the United States Attorney requesting that the Commission or Commission staff to refer a campaign finance related matter to their office for enforcement or prosecution.

12. Over the course of my forty-year tenure at the Commission, I do not recall referring any matter involving a state or local candidate campaign finance matter to the United States Attorney or other federal for enforcement or prosecution.

## VERIFICATION

Carol Williams, of lawful age, being duly sworn, alleges and states that she is the person above named, that he had read the above and foregoing Affidavit, that she knows and understands the contents thereof, and that the statements and allegations therein made are true.

*/s/ Carol Williams*
Carol Williams

Subscribed and sworn before me this 17th day of August, 2018.

*/s/ Angela Brown*
Notary Public

My Appointment Expires: 10-9-2021

Angela R. Brown
Notary Public
State of Kansas
My Appt. Expires 10-9-2021